IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BEVERLY J. DAVIS o/b/o
A.D.                                                                                            PLAINTIFF

      v.                                         CIVIL NO. 02-2245

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                              DEFENDANT

# **O R D E R**

    Plaintiff Beverly J. Davis, o/b/o A.D., appealed the Commissioner's denial of benefits to this court. On May 13, 2005, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).(Doc. # 19). Plaintiff now moves for an award of $2,995.90 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 20.65 hours of work before the court at an hourly rate of $145.08. (Doc. # 20). The defendant has filed a response, expressing objections to both the rate and hours requested. (Doc. # 21).

    Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party. After reviewing the file, we find plaintiff is a prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,*

487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*, quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989)*. The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Plaintiff's attorney requests an award under the EAJA at $145.08 per hour, for the 20.65 hours which he asserts he devoted to the representation of plaintiff in this court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley v. Eckerhart,* 461 U.S. at 437.

3

In the present case, defendant argues plaintiff should not be granted an increase to the hourly rate of $145.08, but rather should be granted $140.00 an hour, because plaintiff's counsel did not indicate why he should be granted an increase in the established hourly rate. Plaintiff's counsel did submit a Consumer Price Index (CPI) for all urban consumers but he did not indicate that he was seeking an increase in the set hourly rate because of cost of living increases. There are calculations on the CPI sheet submitted but there is no discussion as to how the calculations were made. In the future, along with the submission of the CPI, plaintiff's counsel is reminded that he is statutorily required to specifically discuss why he should be granted an increase in the established hourly rate. Based on the evidence submitted, we agree with defendant and will grant plaintiff's counsel $140.00 per hour for work done before this court.

As to the number of hours for which plaintiff's attorney seeks compensation, defendant argues that the 20.65 hours claimed by plaintiff's attorney should be reduced by 1.00 hour for work submitted on September 16, 2002, October 7, 2002, October 18, 2002, November 16, 2002, January 30, 2004, August 30, 2004, and February 3, 2005. We agree with defendant that the 0.20 hour submitted on October 18, 2002, (review file stamped copy of complaint and summons received back from clerk and confirmed accuracy of service of summons to designated officials), and the 0.10 hour submitted on November 6, 2002, (received and reviewed certified receipts of service by certified mail and supervised preparation of affidavit of service), should be deducted. We find this work could have been performed by support staff and is therefore not compensable under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, we deduct 0.30 hour from the total number of compensable hours sought.

4

Plaintiff's counsel seeks a total of 1.55 hours for work from August 28, 2002, through October 7, 2002. The Complaint was not filed in this court until October 18, 2002. (Doc. # 1). Plaintiff's counsel also submitted a total of 0.15 hour on January 30, 2004, and August 30, 2004, for letters written to the administration requesting the status of the federal court remand. We note, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time submitted between August 28, 2002, and October 7, 2002, was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 0.75 hour. Accordingly, 0.95 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.35 hour on March 11, 2005, (counsel dictated plaintiff's motion to file plaintiff's appeal brief out of time). (Doc. # 14). We find the time submitted for the brief two page motion to be excessive and deduct 0.19 hour from the total number of compensable hours sought.

Plaintiff's counsel also seeks a total of 2.50 hours for preparing the EAJA petition. We find this to be excessive and deduct 0.50 hour from the total number of compensable hours sought.

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 18.71 (20.65-1.94) hours for attorney's fees, at the rate of $140.00 per hour for a total attorney's fee award of $2,619.40. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent

5

(Rev. 8/82)

double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 27th day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)